## P. E. Short, Appellee, v. Oregon Short Line Railroad Company, Appellant.

### Gen. No. 20,229.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1914. Reversed with finding of fact. Opinion filed November 30, 1914.

### Statement of the Case.

Action by P. E. Short against Oregon Short Line Railroad Company to recover damages caused by the death of a number of sheep belonging to plaintiff at a stopping point for feeding during transportation from Wyoming to Chicago. It was claimed that the sheep died from eating poisonous weeds in the pasture furnished by the defendant, and the negligence alleged and sought to be proved was the furnishing of the kind of pasturing in which they were placed. From a judgment in a certain sum, in favor of the plaintiff, defendant appeals.

The entire shipment numbered 1,996 head of sheep. Grand Island, Nebraska, the place in question, was the third feeding point from the initial point of shipment. The sheep arrived there in good condition about 4 P. M., June 23, 1909, were unloaded and placed in a pasture. On the following morning 133 of the sheep were found

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to be dead, or nearly so, were badly bloated and frothing from the mouth and nose. The remaining sheep were in bad condition, and 29 of them died after leaving Grand Island.

The evidence showed that the pasture in question was part of the Grand Island stock yards, containing 1,500 acres of pasturage, divided into 25 different inclosures by wire fences. There were 25 acres in this particular pasture field, which is called No. 104, and there was ample room and pasturage for several times the number of sheep placed therein on this occasion. The vegetation in this pasture field was similar to that in all the other pastures, all of which had been broken up and sowed in the fall and winter of 1906 and 1907 in Kentucky blue grass, English blue grass and other grasses of a kind usually furnished for feeding. Most of the pasture was in blue grass and there was a sprinkling of some common weeds, like the smart weed, pig weed, etc., but weeds were very scarce. The vegetation in general was luxuriant and adapted to the proper feeding of sheep. It had been used for this purpose for the two previous years. Many thousand head of sheep and also many horses grazed in the pasture during the summer of this occurrence. The horses were not affected in any way, and while some of the sheep died, yet the number was less than the normal death rate of sheep.

JOHN A. SHEEAN, for appellant.

CHARLES A. BUTLER, for appellee; FRANKLIN RABER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 237*—*when not liable for loss resulting from pasturing sheep en route.* Where it appeared that the owner of sheep was traveling with the shipment and that he was an experienced sheep man, knowing their habits and results of feeding, and he saw the pasture in question in daylight and made suggestions about it and knew its character, it was *held,* if there was any negligence in connection with the duration of the period of feeding, the shipper and owner was guilty of such contributory negligence as would bar a recovery for loss of sheep due from negligence in placing them in a rich pasture and permitting them to overeat.

2. CARRIERS, § 235*—*when not negligent in providing pasture for sheep.* In an action to recover damages for loss of sheep through eating in a pasture furnished by a defendant carrier, the evidence is *held* to fail to show in the pasture anything which, in itself, was harmful for sheep to eat and to charge defendant with negligence with reference to the kind of pasture furnished.